# 2009 DTA 90

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE SAN JUAN**
**PANEL III**

EL PUEBLO DE PUERTO RICO
Recurrido

v.

JORGE INSERNI GARRASTAZU
Peticionario

Núm. KLCE-2009-00216

San Juan, Puerto Rico, a 10 de junio de 2009

Panel integrado por su Presidenta, la Juez Bajandas Vélez,
y los Jueces Cordero Vázquez y Cortés Trigo

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos el Sr. Jorge Inserni Garrastazú (el Sr. Inserni o el peticionario). Nos solicita que revoquemos la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), en corte abierta, el 20 de enero de 2009. Por medio de dicho dictamen, el TPI declaró no ha lugar la Moci[ó]n Solicitando la Celebraci[ó]n de Nuevo Juicio al Amparo de la Regla 187 de las Reglas de Procedimiento Criminal presentada por el peticionario.

Analizadas las comparecencias escritas y el derecho aplicable, resolvemos expedir el auto de *certiorari* solicitado y revocar el dictamen recurrido.

**I**

El Sr. Inserni se desempeñó como Director Ejecutivo de la Corporación de Puerto Rico para la Difusión Pública (la Corporación) desde el 1993 hasta septiembre de 1996, cuando fue nombrado presidente de la Junta de Directores de tal Corporación, posición que ocupó hasta febrero de 2001.

Luego de una investigación realizada por la Comisión Especial del Senado de Puerto Rico sobre la Corporación, el 14 de abril de 2005, el Fiscal Especial Independiente (FEI) presentó acusaciones en contra del Sr. Inserni por alegadamente infringir los Artículos 3.2 (c) (Prohíbe que los funcionarios públicos utilicen las facultades de su cargo y la propiedad o fondos públicos para obtener directa o indirectamente para sí o cualquier otra persona ventajas, beneficios o privilegios que no estén permitidos por ley) y 4.11 (Falsificar o dejar de radicar los informes financieros) de la Ley de Ética Gubernamental, 3 L.P.R.A. sec. 1822(c) y sec. 1841,

respectivamente.

Posterior a la celebración del juicio por tribunal de derecho, el TPI declaró culpable al peticionario por violar el Artículo 3.2(c), *supra,* y no culpable por el Artículo 4.11, *supra.* Así, el 7 de noviembre de 2006, el Sr. Inserni fue sentenciado a cumplir un (1) año de servicio comunitario, además de pagar una multa de dos mil dólares ($2,000) y trescientos dólares ($300) por concepto de la pena especial para la compensación de víctimas de delito.

No satisfecho, el siguiente día 27, el peticionario presentó ante el Tribunal de Apelaciones un recurso de apelación en el cual señaló la comisión de múltiples errores, entre otros, que la pena impuesta de cumplir un (1) año de servicio comunitario no estaba contemplada en la Ley de Ética Gubernamental. En respuesta, el 21 de diciembre de 2007 mediante Sentencia emitida por un Panel Hermano, este Tribunal determinó que el TPI erró al condenar al Sr. Inserni a cumplir un (1) año de servicios a la comunidad porque tal pena no estaba disponible para los delitos graves y se impuso en exceso de los noventa (90) días exigidos en el Art. 49B del Código Penal de 1974. De este modo, devolvió el caso al TPI para que dictara sentencia nuevamente al amparo de las sanciones contempladas en el Artículo 3.8 de la Ley de Ética Gubernamental. No conforme aún, el peticionario presentó un recurso de *Certiorari* ante el Tribunal Supremo el cual fue declarado no ha lugar.

En cumplimiento con lo así ordenado, el TPI señaló para el 20 de enero de 2009 la celebración de la vista para dictar la correspondiente sentencia. En la mañana de 20 de enero de 2009, el peticionario presentó ante el TPI la Moci[ó]n Solicitando la Celebraci[ó]n de Nuevo Juicio al Amparo de la Regla 187 de las Reglas de Procedimiento Criminal. En ésta, alegó el surgimiento de nueva evidencia que propiciaba la celebración de un nuevo juicio, a saber, una carta confidencial fechada el 7 de septiembre de 2007 emitida por la OEG en la que se le informó la culminación de la auditoría sobre sus informes financieros correspondientes a los años 1996 al 2000 y que fueron firmados y fechados por el Director Ejecutivo o su representante. A tales efectos, adujo que dicha carta evidenciaba que la OEG no halló irregularidad alguna en sus informes financieros. Arguyó que la nueva evidencia:

"a. No pudo descubrirse ni pudo haber sido descubierta por la defensa con razonable diligencia antes del juicio, toda vez que la prueba conocida adviene con posterioridad al descubrimiento de prueba, el juicio y las instancias post sentencia.

b. No constituye prueba acumulativa por tratarse de nueva evidencia.

c. Por otro lado, esta prueba no impugna la prueba aducida durante el acto del juicio.

d. Es creíble y con toda probabilidad produciría un resultado diferente." [1]

En virtud de ello, solicitó la celebración de una vista evidenciaria para discutir su moción de nuevo juicio.

De la Minuta de la vista celebrada el 20 de enero de 2009 se desprende que luego de haber escuchado los argumentos de las partes, el TPI declaró no ha lugar la moción antes mencionada por entender que no se cumplía con ninguna de las normas establecidas. Acto seguido, el TPI dictó sentencia de la siguiente manera:

"Se impone al imputado $1,000 de multa más las costas, el (sic) cual ya fue satisfecha, por lo que se da por cumplida, más la Pena Especial de $300 que también se da por satisfecha.

**Se impone un (1) año de Cárcel para hacer** (sic) **cumplido desde el día de hoy, sin derecho a probatoria.**" (Énfasis en el original) [2]

No obstante, ese día, el TPI rectificó lo antes dictado y mediante la Sentencia Enmendada Conforme Mandato del Tribunal de Apelaciones dictaminó lo siguiente:

A la vista señalada en el día de hoy, 20 de enero de 2009, compareció El Pueblo de Puerto Rico representado por el Fiscal Especial Independiente, César López Cintrón. El acusado compareció representado por el Lcdo. Carmelo Dávila Torres.

Habiendo sido el acusado debidamente juzgado por el Tribunal de Derecho y declarado culpable del delito de epígrafe, el Tribunal declara a Jorge M. Inserni Garrastazú, culpable del delito de epígrafe y lo condena a una pena de: **Un año de cárcel, $2,000.00 de multa más el pago de las costas y $300.00 de la Pena Especial, conforme a la Ley 183 de 29 de julio de 1998.**

De no cumplir con el pago de la multa, se le impone un día de cárcel por cada $50.00 que deje de pagar.

Se ordena que el(la) sentenciado(a) sea trasladado(a) sin demora al cuidado del funcionario de la institución penal de la Administración de Corrección correspondiente y sea detenido(a) por éste hasta que la sentencia se hubiere cumplido." (Énfasis en el original) [3]

Tal sentencia fue notificada el 12 de febrero de 2009. [4]

Inconforme con la denegatoria de la moción solicitando nuevo juicio, el 19 de febrero de 2009, el Sr. Inserni presentó el recurso de epígrafe. Señaló la comisión del siguiente error:

"ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR DE PLANO LA SOLICITUD DE NUEVO JUICIO, Y NEGARSE A CELEBRAR UNA VISTA EVIDENCIARIA DONDE LA DEFENSA PUDIESE ESTABLECER QUE EN VIRTUD DE LA NUEVA PRUEBA DESCUBIERTA LA CUAL ES UNA EXCULPATORIA, PROCEDE LA CELEBRACIÓN DE UN NUEVO JUICIO."

Por su parte, el 9 de marzo de 2009, el Pueblo de Puerto Rico, representado por el Fiscal Especial Independiente, Cesar López Cintrón y su Fiscal Delegado, Francisco San Miguel Fuxench (el Pueblo), presentó su oposición a la expedición del *certiorari*. Alegó que la concesión de un nuevo juicio es un asunto discrecional del tribunal y que en el caso de autos, la juez que presidió los procedimientos evaluó la nueva evidencia y escuchó la argumentación de las partes previo a denegar tal solicitud. Además, indicó que la solicitud de nuevo juicio fue presentada tardíamente, ya que se presentó cuarenta y tres (43) días después de que el peticionario tuviera conocimiento de la nueva evidencia. Añadió que la aludida carta no proveyó evidencia exculpatoria alguna, pues el propósito de la aprobación de los informes no era pasar juicio sobre la conducta del funcionario que radicó los mismos. Por último, arguyó que el Sr. Inserni no cumplió con la Regla 188(a) de Procedimiento Criminal porque la nueva evidencia no se presentó en declaración jurada.

Posteriormente, en Resolución dictada el 19 de marzo de 2009 le concedimos a la juzgadora de instancia un plazo de veinte (20) días para que preparara una Resolución Enmendada en la que expusiera todos los fundamentos tomados en consideración para denegar la moción de nuevo juicio. Ello, debido a que no surgía de la Minuta ni de la Transcripción de la vista sometida por el peticionario los fundamentos de su decisión.

En cumplimiento con lo ordenado, el 6 de abril de 2009, el TPI emitió la Resolución Enmendada. En ésta, enfatizó que tal determinación descansaba en su sana discreción como tribunal sentenciador, por lo que merecía deferencia. Adujo que la referida moción de nuevo juicio no cumplió con la Regla 188 (a) de Procedimiento Criminal, ya que la nueva prueba no fue presentada en forma de declaraciones juradas. Señaló que la nueva evidencia podía tener alguna pertinencia con la acusación por el Artículo 4.11(a) de la Ley de Ética Gubernamental, pero que ello resultaba inmeritorio, pues el TPI absolvió al Sr. Inserni de tal acusación. Agregó

que las conductas por las cuales el peticionario fue sentenciado no estaban contenidas en los informes, por lo que no pudieron ser evaluadas por la OEG. Así, concluyó que la mencionada nueva prueba no hubiera alterado el fallo emitido en contra del peticionario. No obstante, luego de reconocer que las Reglas 187 a la 189 de Procedimiento Criminal eran las aplicables a la controversia de autos, analizó la solicitud de nuevo juicio al amparo de la Regla 192. Determinó que tampoco cumplía con la Regla 192 porque la solicitud fue presentada luego del término de treinta (30) días y la nueva prueba no evidenciaba la inocencia del condenado.

El 5 de mayo de 2009 le concedimos a las partes un plazo de diez (10) días para que fijaran sus respectivas posiciones sobre la Resolución Enmendada del TPI. En respuesta, el 19 de mayo de 2009, el Pueblo presentó Moción Exponiendo Posición sobre Resolución Enmendada en la que plasmó su conformidad con la Resolución Enmendada. Además, presentó Moción Sometiendo Transcripción de Argumentación en el Estrado con Relación a Moción Solicitando Nuevo Juicio. El peticionario no presentó su escrito.

No obstante, con el beneficio de las comparecencias escritas obrantes en autos, procedemos a resolver.

## II

En nuestro ordenamiento jurídico la concesión de un nuevo juicio por razón de que se ha presentado nueva prueba, está reglamentada por las Reglas 188(a) y 192 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II. La Regla 188(a) dispone:

"El Tribunal concederá nuevo juicio por cualquiera de los siguientes fundamentos:

(a) Que se ha descubierto nueva prueba, la cual, de haber sido presentada en el juicio, probablemente habría cambiado el veredicto o fallo del tribunal, y la que no pudo el acusado con razonable diligencia descubrir y presentar en el juicio. Al solicitar nuevo juicio por este fundamento, el acusado deberá acompañar a su moción la nueva prueba en forma de declaraciones juradas de los testigos que la aducirán."

La Regla 192, por su parte, reza:

"También podrá el tribunal, a solicitud del acusado, conceder un nuevo juicio cuando después de dictada la sentencia sobreviniere el conocimiento de nuevos hechos o de nuevos elementos de prueba de tal naturaleza que evidencien la inocencia del condenado."

La citada Regla 192 procede únicamente luego de dictada sentencia y debe presentarse dentro de los treinta (30) días siguientes a la fecha en que se tuvo conocimiento de los nuevos hechos o de los nuevos elementos de prueba. Regla 189 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 189. Mientras que la moción de nuevo juicio al amparo de la citada Regla 188 deberá presentarse antes de que se dicte sentencia. *Id.* De esta forma, la Regla 188 regula la concesión de un nuevo juicio antes de que se dicte sentencia en el procedimiento criminal y la Regla 192 contempla la posibilidad de que una sentencia que advino final y firme sea dejada sin efecto. *Pueblo v. Marcano Parrilla (II)*, 168 D.P.R. ___ (2006), **2006 J.T.S. 145**.

El Tribunal Supremo de Puerto Rico ha establecido que una moción de nuevo juicio fundamentada en el descubrimiento de nueva prueba, ya sea al amparo de la Regla 188 o la Regla 192, sólo procede cuando la prueba: (1) no pudo descubrirse con razonable diligencia antes del juicio, (2) no es meramente acumulativa, (3) no impugna la prueba presentada durante el juicio, (4) es de naturaleza creíble, y (5) probablemente produciría un resultado diferente. *Pueblo v. Marcano Parrilla (II), supra; Pueblo v. Chévere Heredia,* 139 D.P.R. 1 (1995); *Pueblo v. Martínez Ortiz y otros,* 135 D.P.R. 100 (1994). El peso de la prueba para acreditar el cumplimiento con los mencionados requisitos recae sobre el promovente de la moción de nuevo juicio. *Pueblo v. Chévere Heredia, supra.*

Para que proceda la concesión de un nuevo juicio bajo el palio de la Regla 188 se requiere que la nueva prueba sea una que probablemente hubiera cambiado el veredicto o fallo del tribunal sentenciador. *Pueblo v. Marcano Parrilla (II), supra*. No obstante, la Regla 192 requiere algo más, que dicha nueva prueba sea una tal que evidencie la posible inocencia del convicto. *Id.*

El remedio que provee la Regla 192 es de naturaleza extraordinaria. *Pueblo v. Rivera,* 167 D.P.R. 812 (2006). La Regla 192 es de carácter excepcional, toda vez que en contravención al principio de cosa juzgada, su propósito es la revocación de sentencias finales y firmes por hechos que tiendan a demostrar la inocencia del convicto. *Pueblo v. Marcano Parrilla (II), supra.* Al buscar controvertir una sentencia ya recaída, dicha regla exige que los tribunales requieran un grado mayor de prueba que el que es requerido bajo la Regla 188. *Pueblo v. Marcano Parrilla,* 152 D.P.R. 557 (2000).

La Regla 192 requiere una interpretación restrictiva en torno a la evidencia que satisface su *quántum* de prueba. Por ello, el Tribunal Supremo de Puerto Rico determinó en el caso de *Pueblo v. Marcano Parrilla, Id.,* que el grado de prueba requerido para que procediera la concesión de un nuevo juicio, había de ser aquél que dejara clara la inocencia del convicto al punto que la continuación de su encarcelamiento ofendiera el sentido de justicia.

No obstante, en *Pueblo v. Marcano Parrilla (II), supra*, el Tribunal Supremo reconsideró dicho *quántum* de prueba y estableció que para que proceda el derecho a obtener un nuevo juicio, se debe demostrar que es más probable que el convicto sea inocente a que sea culpable. Al respecto, el Tribunal Supremo expresó:

"...[U]n nuevo juicio bajo dicha Regla resulta procedente si, analizando la nueva evidencia junto a la presentada en el juicio original de la forma más favorable al fallo o veredicto de culpabilidad que se impugna, la misma pudo haber creado duda razonable en el ánimo del juzgador, en cuanto a la culpabilidad del peticionario. Esto es, la nueva prueba debe demostrar que es más probable que el convicto sea inocente a que sea culpable." *Id.* (Subrayado omitido)

No empece a lo anterior, la concesión de un nuevo juicio descansa en la sana discreción del tribunal sentenciador y dicha determinación merece deferencia, en ausencia de que se demuestre un claro abuso de discreción. *Pueblo v. Marcano Parrilla (II), Id.* En ausencia de pasión, prejuicio, parcialidad o error manifiesto, no intervendremos con la apreciación de la prueba que haya efectuado el juzgador de instancia. Véanse: *Pueblo v. Chévere Heredia, supra; Pueblo v. Rodríguez Román,* 128 D.P.R. 121 (1991). Denegada una moción de nuevo juicio por el tribunal de instancia, los tribunales apelativos nos abstendremos de intervenir con dicha determinación salvo que se demuestre un claro e inequívoco abuso de discreción. *Pueblo v. Chévere Heredia, supra; Pueblo v. Prieto Maysonet,* 103 D.P.R. 102 (1974).

### III

El Sr. Inserni alega que el TPI erró al denegarle de plano su solicitud de nuevo juicio sin celebrar una vista evidenciaria. Arguye que el TPI debió celebrar una vista a los fines de que éste pudiera demostrar cómo la nueva prueba cumplía con los criterios para la celebración de un nuevo juicio.

De la Resolución Enmendada emitida por el TPI el 6 de abril de 2009 se desprenden las acusaciones presentadas en contra del Sr. Inserni. La acusación correspondiente a la infracción al Artículo 4.11(A) de la Ley de Ética Gubernamental leía como sigue:

"El referido acusado, JORGE M. INSERNI GARRASTAZU, allá en o para el período comprendido desde el año 2000 al mes de abril de 2001, en San Juan, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de San Juan, mientras se desempeñaba como Funcionario Público, por ser Presidente de la Corporación de Puerto Ricio para la Difusión Pública, a sabiendas, voluntaria y maliciosamente

violó lo dispuesto en el Artículo 4.11(A) de la Ley de Ética Gubernamental, al dejar de divulgar información sustancial en el Informe Financiero radicado en la Oficina de Ética Gubernamental, correspondiente al año 2000-2001, consistente en que no informó, ni divulgó en el referido informe las siguientes transacciones: el haber recibido como donativo, regalo o ingresos por la aportación económica de parte de su asesor legal de la propia Corporación de parte del Lic. Luis Rullán Marín la cantidad ascendente a $22,916.15 para la adquisición de un vehículo de motor marca Volkswagen Beattle del año 1999. Tampoco informó o divulgó la transacción sustancial sobre la adquisición de ese vehículo de motor en dicho Informe Financiero. Siendo toda esta información esencial que requiere su especificación y divulgación en el referido informe de la Oficina de Ética Gubernamental correspondiente al año 2000-2001, y cuyo recibo de dinero para la adquisición del vehículo de motor y la consecuente adquisición de dicho vehículo de motor se efectuó durante el tiempo en que el imputado se desempeñó como funcionario público al ser el Presidente de la Corporación de Puerto Rico para la Difusión Pública."

Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad **"EL PUEBLO DE PUERTO RICO". [5]**

Por su parte, la acusación por la infracción al Artículo 3.2 (c) rezaba así:

"El referido acusado, JORGE M. INSERNI GARRASTAZU, allá en o para el año 2000 al 2001 en San Juan, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala Superior de San Juan, y mientras se desempañaba como Funcionario Público al ser Presidente de la Corporación de Puerto Rico para la Difusión Pública, utilizó los deberes y facultades de su cargo para obtener directa o indirectamente para sí, para algún miembro de su unidad familiar o para cualquier otra persona beneficios, ventajas, o privilegios no permitidos por ley, consistente en haber recibido dinero, por aportación económica, o por cualquier otro concepto, ascendente a $22,916.15 para la adquisición de un vehículo de motor. El dinero fue facilitado por el asesor legal de la propia Corporación de Puerto Rico para la Difusión Pública, para la cual trabajaba el licenciado Luis Rullán Marín, quien prestaba servicios profesionales por contratos suscritos por éste y/o en representación de Rullán y Buxó, Corporación de Servicios Profesionales; suscritos y autorizados por el acusado, Jorge M. Inserni Garrastazu. También, el acusado Jorge M. Inserni Garrastazu obtuvo privilegios, ventajas o beneficios no permitidos por ley, para sí, para miembros de su unidad familiar o de terceras personas, beneficios como lo fueron la utilización de su chofer, Orlando Vélez Rivera, para que le prestara continuamente y durante el período comprendido desde que fue nombrado como chofer del funcionario hasta el 2001, servicios o trabajos personales, pagados con fondos públicos, para fines privados y no relacionados con la función pública en violación a la Ley de Ética Gubernamental."

Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad **"EL PUEBLO DE PUERTO RICO". [6]**

Surge del expediente de autos que el TPI absolvió al peticionario de la acusación por la infracción al Artículo 4.11 (A), no así de la acusación restante por el Artículo 3.2(c). De este modo, el TPI señaló para el 20 de enero de 2009 la celebración de la vista para dictar sentencia en contra del peticionario. Llegado ese día en la mañana, el Sr. Inserni presentó la Moción Solicitando la Celebración de Nuevo Juicio al Amparo de la Regla 187 de las Reglas de Procedimiento Criminal. En ésta, planteó que contaba con prueba nueva que con toda probabilidad produciría un resultado diferente de celebrarse un nuevo juicio. Explicó que la nueva prueba consistía de una carta emitida por la OEG mediante la cual se le informó que la auditoría de sus estados financieros había culminado y que no se había hallado ninguna irregularidad en tales informes. En virtud de ello, durante la vista de dictar sentencia, la juzgadora de instancia atendió dicha moción y luego de escuchar los argumentos de ambas partes, denegó la solicitud de nuevo juicio y prosiguió a dictar la sentencia.

En razón de los hechos antes reseñados, nos corresponde determinar si el TPI actuó correctamente al

denegar la solicitud de nuevo juicio del peticionario sin la celebración de una vista evidenciaria. Por ende, debemos examinar la nueva prueba, su inherencia con la acusación por el Artículo 3.2 (c), los argumentos que tuvo ante su consideración el TPI y los fundamentos de este último para denegar la aludida solicitud.

A tales efectos, conviene citar en su totalidad la carta emitida por la OEG, la cual el peticionario presenta como nueva prueba. La misiva lee así:

**"CONFIDENCIAL**

7 de septiembre de 2007

Sr. Jorge M. Inserni Garrastazú

[Dirección]

Estimado señor Inserni Garrastazú:

Reciba un saludo cordial a nombre de quienes laboramos en la Oficina de Ética Gubernamental de Puerto Rico (OEG).

Luego de completar la auditoría de los informes financieros presentados por usted correspondientes a los años del 1996 al 2000, le notificamos que éstos han sido firmados y fechados por el Director Ejecutivo de la OEG o su representante. Dicha determinación se basó en la información contenida en los informes.

Nuestra firma en estos documentos sirve al único propósito de hacer constar que el informe se evaluó y revisó de acuerdo con lo dispuesto en la Ley de Ética Gubernamental del Estado Libre Asociado de Puerto Rico y en el Reglamento sobre Radicación de Informes Financieros por Funcionarios y Empleados de la Rama Ejecutiva del Estado Libre Asociado de Puerto Rico. Ello es sin perjuicio de cualquier investigación o acción legal futura.

Con la firma, el formulario de informe financiero adviene final, por lo que el Director Ejecutivo de la OEG podrá permitir la inspección y el acceso al mismo a cualquier persona que cumpla con los requisitos establecidos en el Artículo 4.8 de la Ley de Ética Gubernamental y el Artículo 4.401 del Reglamento sobre Radicación de Informes Financieros por Funcionarios y Empleados de la Rama Ejecutiva.

Cordialmente,

Gladys M. Malpica de Schaffer
Directora Ejecutiva Interina (Notas al calce omitidas)" [7]

Además, la carta precitada estaba certificada como copia fiel y exacta de la copia archivada en la Oficina de Ética Gubernamental. Tal certificación tiene como fecha el 8 de diciembre de 2008.

El peticionario presentó la nueva prueba en conjunto con la siguiente declaración jurada:

"Yo, JORGE INSERNI GARRASTAZU mayor de edad, soltero y vecino de San Juan P.R. [d]eclaro bajo juramento:

1- Que mi nombre y demás circunstancias personales son las arribas declaradas.

2- Que e (sic) leído el escrito preparado y suscrito por mi representación legal. Que estoy de acuerdo con el mismo y la evidencia que se aneja.

En <u>Carolina,</u> Puerto Rico en 19 de enero de 2009." [8]

La Regla 188(a) dispone que una de las razones para concederse un nuevo juicio es si se ha descubierto nueva prueba que de haberse presentado en el juicio habría cambiado el veredicto del tribunal. Una moción de nuevo juicio fundamentada en el descubrimiento de nueva prueba sólo procede si la prueba: (1) no pudo descubrirse con razonable diligencia antes del juicio, (2) no es meramente acumulativa, (3) no impugna la prueba presentada durante el juicio, (4) es de naturaleza creíble, y (5) probablemente produciría un resultado diferente. *Pueblo v. Marcano Parrilla (II), supra; Pueblo v. Chévere Heredia, supra; Pueblo v. Martínez Ortiz y otros, supra.*

En el recurso de epígrafe, la nueva prueba aducida por el peticionario lo es una carta emitida por la OEG a través de la cual le informa que la auditoría sobre sus informes financieros para los años 1996 al 2000 había finalizado, por lo que habían sido firmados y fechados por el Director Ejecutivo de la OEG o su representante. [9] La referida misiva hace la salvedad de que tal determinación se basó en la información contenida en los informes. El Sr. Inserni alega que dicha carta demuestra que la OEG no halló irregularidades en tales informes.

Respecto al primer criterio, concluimos que la nueva prueba en controversia no pudo descubrirse con razonable diligencia antes del juicio. El expediente refleja que el juicio en contra del peticionario comenzó el 16 de marzo de 2006 y finalizó el 4 de mayo de 2006 cuando el TPI emitió el fallo declarándolo no culpable por el Artículo 4.11(A) y culpable por el Artículo 3.2 (c) de la Ley de Ética Gubernamental. Posteriormente, el 7 de noviembre de 2006 se llevó a cabo el acto de sentencia. La carta de la OEG tiene como fecha el 7 de septiembre de 2007, por lo que la alegada nueva prueba surgió posterior a la celebración del juicio. Así pues, no había manera de obtener dicha prueba antes del juicio, ya que para esa fecha aparentemente la OEG no había culminado la auditoría sobre los mencionados informes.

De otra parte, entendemos que la nueva prueba no puede ser considerada como prueba acumulativa ni que impugna la prueba presentada durante el juicio porque se trata de cierta información que no fue evaluada durante el juicio. La carta aducida como la nueva prueba informa la culminación de la auditoría de los informes financieros del peticionario por parte de la OEG. En dicha carta, la OEG le notificó al Sr. Inserni que sus informes habían sido firmados y fechados por el Director Ejecutivo de la OEG o su representante. Como mencionáramos, la aludida carta se emitió aproximadamente un año después de que culminara el juicio en contra del Sr. Inserni, es decir, que la auditoría de los informes financieros por parte de la OEG culminó luego de finalizado el juicio en contra del peticionario. De este modo, ninguna de las partes contaba con tal información durante el trámite del juicio, pues la OEG no había culminado la susodicha auditoría para aquella fecha, así que sólo la OEG tenía control sobre la referida prueba. Por lo tanto, la nueva prueba no puede considerarse como meramente acumulativa ni que impugna la prueba presentada durante el juicio, pues brinda cierta información que no formó parte de la prueba desfilada durante el proceso judicial.

Por otro lado, podemos añadir que la nueva prueba presentada por el Sr. Inserni es de naturaleza creíble, pues se trata de una carta oficial certificada por la OEG, la cual tiene una presunción de corrección. Además, el inciso (B) de la Regla 79 de Evidencia establece la presunción de autenticidad de un documento público bajo sello que aparenta ser oficial. 32 L.P.R.A. Ap. IV, R. 79. Así, no hallamos fundamento alguno para concluir que

el contenido de una carta certificada por una agencia pública y suscrita por su Directora Ejecutiva Interina no es creíble.

Ahora bien, nos resta un criterio por evaluar, entiéndase, si la nueva prueba probablemente produciría un resultado diferente al obtenido durante el juicio. En virtud de ello, se debe analizar la inherencia de la nueva prueba con los actos imputados en la acusación.

En su Moción Solicitando la Celebración de Nuevo Juicio al Amparo de la Regla 187 de las Reglas de Procedimiento Criminal, el Sr. Inserni alegó que la nueva prueba demostraba que la OEG no halló irregularidad alguna en los informes financieros sometidos por éste. Arguyó que tal información era suficiente para celebrar una vista evidenciaria donde se discutiera su solicitud de nuevo juicio, ya que la nueva prueba traía consigo nuevos elementos que no fueron evaluados durante la celebración del juicio en su contra. Surge del expediente, que durante la celebración de la vista para dictar sentencia la juez de instancia le permitió al representante legal del Sr. Inserni argumentar sobre su petición de nuevo juicio y de igual modo, escuchó la postura del FEI.

A los fines de nuestra función revisora, resultan de suma importancia los argumentos esgrimidos por el peticionario referentes a su solicitud de nuevo juicio porque de esa forma podemos evaluar la pertinencia de la nueva prueba con la acusación por la que resultó culpable el peticionario. De primera instancia, el Sr. Inserni nos proporcionó en su petición de *certiorari* copia de la minuta de la vista celebrada el 20 de enero de 2009 y a su vez, la transcripción de dicha vista. No obstante, de ninguno de los documentos antes mencionados se desprenden los argumentos esgrimidos por el peticionario. La copia de la Minuta refleja lo siguiente sobre la solicitud de nuevo juicio:

"El Tribunal hace constar que en la mañana de hoy se r (sic) una moción al amparo de la Regla 187 y siguiente, sobre celebración de nuevo juicio.

Las partes se reúnen en el estrado.

Luego de haberse reunido las partes, el Tribunal luego de haber escuchado los argumento[s] con relación a la Moción Solicitando la Celebración de Nuevo Juicio al [A]mparo de la Regla 187 y Siguientes de Procedimiento Criminal. Luego de verificada la moción así como las Reglas y la Jurisprudencia que aplica, entendiéndose que nos se cumple con ninguna de las normas establecidas, el Tribunal declara **No Ha Lugar** la moción solicitada.

Se continúa con el Acto para Dictar Sentencia, el imputado ha sido citado para el d[í]a de hoy, luego de haber recibido el Tribunal el Mandato del Tribunal de Apelaciones. [...]" (Énfasis en el original) **[10]**

Por su parte, en lo que respecta a la referida solicitud de nuevo juicio, la Transcripción sometida por el peticionario expresa lo siguiente:

"HONORABLE JUEZ

Buenas Tardes. Bien. He recibido... en la mañana de hoy se radicó una Moción al amparo de la Regla 187 y siguientes sobre Celebración de Nuevo Juicio. Le pido al licenciado Carmelo Dávila así como al Fiscal que se acerquen al estrado, y los abogados que representan al señor Inserni.

(FUERA DE RÉCORD)

HONORABLE JUEZ

Estábamos en estrado, pero, obviamente, para récord y continuamos el procedimiento en récord. Escuchados los argumentos con relación a la Moción Solicitando la Celebración de Nuevo Juicio al amparo de la Regla 187 y siguientes de Procedimiento Criminal; luego de verificada la moción, así como las reglas y la jurisprudencia que aplica y entendiéndose que no se cumple con ninguna de las normas establecidas, el Tribunal declara NO HA LUGAR la moción solicitada y continuamos el procedimiento del Acto de Dictar Sentencia que ha sido citado para el día de hoy, luego de haberse recibido el mandato del Tribunal de Apelaciones luego de, obviamente, las apelaciones que se instaron por parte de la Defensa, así como haber ido incluso al Tribunal Supremo. Le pregunto, licenciado Carmelo Dávila, si están preparados para el Acto de Dictar Sentencia y si existe alguna razón por la cual no deba dictarse [...]". **[11]**

Realmente desconocemos las razones por las cuales la transcripción proporcionada por el peticionario no cuenta con los argumentos hechos por las partes respecto a la solicitud de nuevo juicio, cuando de la grabación de la vista surge que tales argumentos fueron hechos en récord y posteriormente el Pueblo nos proporcionó tal fracción de la transcripción.

Como mencionáramos, el 19 de mayo de 2009 el Pueblo nos proveyó copia de la Transcripción de la argumentación efectuada por las partes en el estrado con relación a la solicitud de nuevo juicio en la vista de 20 de enero de 2009. De tal Transcripción podemos desprender los argumentos del peticionario para la concesión de una vista evidenciaria. Veamos.

Luego de que el representante legal del Sr. Inserni mencionó y abundó sobre los criterios de la concesión de un nuevo juicio según establecidos en los casos de Marcano Parrilla, se suscitó lo siguiente:

**"LCDO. CARMELO DAVILA:**

Esta prueba nosotros no la teníamos, incluso aún con el conocimiento de que es una carta del 2007, habida cuenta que la misma iba dirigida a una dirección donde ya el Sr. Inserni no residía, pero no fue enviada por correo certificado. **Para eso es que hay que traer entonces un funcionario de la Oficina de Ética, Ética Gubernamental. Para que diga bajo juramento cuál es el procedimiento a llevarse a cabo, (inaudible) ni aun con la diligencia de la defensa se podría traer al Tribunal, toda vez que ellos bajo juramento dijeron que ellos aguantaron la investigación y que para no influenciar. Llama la atención de eso porque ellos son los que tienen el expertise y están en condición con respecto al expertise al juzgador de los hechos. Tercero, que con esa carta, pudiese esa carta servir o cambiar razonablemente cambiar el posible fallo o veredicto del Jurado. Por qué, porque es una nueva prueba que ahora puede abonar a la duda razonable.** Porque también la jurisprudencia lo que establece que lo que se persigue en el nuevo juicio no es presumir la culpabilidad y encontrar, es darle el giro de partir de la premisa de que esa prueba a la larga puede resultar que sea (ineludible) o delito absuelto. Esa carta también tiene una alegación o admisión. [...]

**JUEZ:**

A mí lo que me llama la atención es lo siguiente: los informes de Ética Gubernamental estaban en gran parte de la... de los elementos del delito del 4.11 al cual yo absolví al Sr. Inserni. Eh, no entiendo en qu[é] cae el 3.2 aunque cae..., el delito es dentro de la Ley de Ética Gubernamental no veo que dentro de los elementos del delito tenga que ver los informes de Ética Gubernamental.

**LCDO. CARMELO DAVILA:**

Tendrían que ver indirectamente como prueba circunstancial porque la pone a usted en posición de que la Oficina de Ética como parte de su trazo por cual y evaluador pensando en el 3.2, nace un delito especializado bajo la Ley de Ética **si a base de las planillas, de la auditoría de las planillas (ineludible) se desprendía**

**precisamente si ha recibido favores o beneficios y eso no se puede medir en la posición del jurado. Es hecho, con una auditoría hecha de la correspondiente oficina,** incluso se puede tomar conocimiento judicial que aquí en Puerto Rico se le han radicado a personas casos por 3.8 de la Ley de Ética Gubernamental aunque haga un paréntesis, **recuerde que el pliego acusatorio que radica el Ministerio Público de 3.2 era la agrupación de tres conductas distintas y tenemos que partir de la premisa también, de la corrección y que cuando Vuestro Honor emitió su fallo nunca dijo por cuál de las tres. Por tanto es mi deber, es los elementos del delito de cada una de las conductas y entrelazar de qu[é] manera de qu[é] manera puede surgir una auditoría de la violación a la Ley de Ética, cierro paréntesis. Hay violaciones de 3.2 que se han radicado precisamente la propia forma y manera en que se llenan las planillas de [É]tica Gubernamental y de los beneficios y como parte de la vista evidenciar[i]a también nosotros íbamos a traer a colación para que usted tomara conocimiento judicial por la Regla 11 de Evidencia.** Como por ejemplo en cuanto al Lcdo. Luis Rullán confirmó el Supremo emitió una determinación exonerándolo de cualquier tipo de conducta ilegal o antiética con respecto a lo que se le imputaba junto con la WIPR y la conducta con el Sr. Inserni. Tanto es así, que fue una determinación exhaustiva y hasta se tomó conocimiento de expediente." **[12]** (Subrayado nuestro)

De los fragmentos de la Transcripción antes citados podemos apreciar que el peticionario basó su solicitud de una vista evidenciaria en que un funcionario de la OEG debía acudir ante el Tribunal para declarar bajo juramento sobre el procedimiento llevado a cabo en torno a la evaluación de sus informes financieros y su alcance. Así mismo, fundamentó su solicitud en que la acusación al amparo del Artículo 3.2(c) consta de varios actos o conductas y que al momento de emitir el fallo, el TPI no especificó por cuál de las conductas lo halló culpable. Dicho de otro modo, el Sr. Inserni solicita la celebración de una vista evidenciaria para contar con la presencia de un funcionario de la OEG que testifique sobre la información evaluada por la OEG y para demostrarle al TPI el nexo de la nueva prueba con los actos imputados bajo el Artículo 3.2, ya que, según expresado por su representante legal, se trata de prueba circunstancial.

Una vez evaluados los planteamientos del Sr. Inserni por los cuales se debía ordenar la celebración de una vista evidenciaria, procede que examinemos las razones del TPI para denegar tal petición.

En su Resolución Enmendada, el TPI explicó que denegó la solicitud del Sr. Inserni por las siguientes razones: (1) la moción no incluyó las declaraciones juradas de los testigos que aducirían la nueva prueba según lo exige la Regla 188 (a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 188(a); (2) la nueva prueba sólo podría tener alguna pertinencia con la infracción al Artículo 4.11 (a) por tratarse de los informes financieros, pero que ello era inmaterial, pues el peticionario fue absuelto de tal acusación; (3) las dos conductas que se imputan en la acusación por el Artículo 3.2 (c) no estaban contenidas en los informes sometidos ante la OEG, por lo que no fueron evaluadas por dicha Oficina; (4) el peticionario no presentó mediante declaraciones juradas evidencia nueva que demostrara que la referida carta de la OEG variara el fallo del tribunal. Además, el TPI evaluó la solicitud al amparo de la Regla 192 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 192; sin embargo, concluyó que tampoco cumplió con los requisitos de dicha Regla.

Somos de opinión que la Resolución Enmendada emitida por el TPI fue imprecisa e irrazonable. Los fundamentos utilizados por el TPI se pueden resumir en dos (2) asuntos, a saber, la falta de declaraciones juradas y que la prueba nueva no tenía pertinencia con la acusación por la cual fue hallado culpable el Sr. Inserni.

El TPI manifiesta que el Sr. Inserni no cumplió con la Regla 188(a), *supra*, al no presentar las declaraciones juradas de los posibles testigos. Reconocemos que la declaración jurada suscrita por el peticionario y que acompañó la moción de nuevo juicio no es la declaración jurada que exige la Regla, pues no adujo información alguna sobre la prueba nueva. No obstante, colegimos que en el caso de autos no era necesario presentar una declaración jurada de la Directora Ejecutiva Interina de la OEG, quien suscribió la carta en pugna, pues se trata

de un documento oficial de la OEG. Además, resultaría ilusorio pensar que tal funcionaria prestaría una declaración jurada a los fines de sustentar una solicitud de nuevo juicio. Ante tal escenario, el medio razonable para lograr la declaración bajo juramento de dicha funcionaria es que el TPI emita una citación y le ordene comparecer para que explique el alcance e inherencia, si alguna, de la carta suscrita por ella en relación con la acusación en contra del peticionario.

De otra parte, el TPI enfatiza que la nueva prueba sólo tiene pertinencia con la acusación al amparo del Artículo 4.11(a) al tratarse de los informes financieros. Añade que las conductas provistas en la acusación por el Artículo 3.2(c) no formaron parte de los mencionados informes, por lo que la OEG no evaluó los mismos. Ciertamente, la carta suministrada por la OEG trata sobre los informes financieros sometidos por el peticionario y por ello, tienen pertinencia con la acusación por el Artículo 4.11 (a). Empero, el TPI no nos puso en posición de determinar que las conductas esbozadas en la acusación por la que resultó culpable el peticionario no formaron parte de los informes financieros presentados ante la OEG. Desconocemos si la alegada aportación monetaria para la compra del vehículo fue incluida en los informes financieros y así, si la OEG tuvo oportunidad de evaluar tal aportación. Tampoco se nos puntualizó sobre el alcance y la información sometida en dichos informes. Por ello, no podemos avalar tal determinación del TPI, pues sólo hace mención de la falta de pertinencia de la prueba nueva con la acusación sin explicación o detalle alguno que nos permita entender su fundamento. Máxime, el TPI no explica nada sobre la prueba desfilada durante el juicio y su posible relación con la nueva prueba presentada.

Por último, somos de opinión que la aplicación de la Regla 192 efectuada por el TPI en su Resolución Enmendada fue innecesaria. Como mencionáramos, los criterios para la concesión de un nuevo juicio establecidos en las Reglas 188 y 192 son distintos. El quántum de prueba bajo la Regla 188 es menos riguroso que el exigido en la Regla 192 de Procedimiento Criminal, al igual que el término de los treinta (30) días sólo aplica a la Regla 192 y no a la Regla 188. En el caso de autos, por tratarse de una solicitud de nuevo juicio presentada antes de que se dictara sentencia, le aplican los criterios de la Regla 188. Por consiguiente, el TPI debió limitarse al análisis realizado al palio de la Regla 188(a) y no extrapolarse a aplicar los criterios de la Regla 192.

De este modo, los fundamentos plasmados por el TPI en su Resolución Enmendada no facilitaron nuestra función revisora, pues los mismos resultaron poco precisos e insuficientes en derecho para sostener su denegación.

En el caso de autos, el Sr. Inserni fue hallado culpable de infringir el Artículo 3.2(c) de la Ley de Ética Gubernamental, *supra,* el cual dicta que "[n]ingún funcionario o empleado público utilizará los deberes y facultades de su cargo ni la propiedad o fondos públicos para obtener, directa o indirectamente para él, para algún miembro de su unidad familiar, ni para cualquier otra persona, negocio o entidad, ventajas, beneficios o privilegios que no estén permitidos por ley." Surge del expediente que la acusación por dicho Artículo constaba de dos (2) actos aislados e independientes uno del otro, a saber, recibir dinero del asesor legal de la Corporación de Puerto Rico para la Difusión Pública para adquirir un vehículo, y por otro lado, utilizar el chofer para servicios o trabajos personales pagados con fondos públicos. Ciertamente, del expediente no se desprende si el TPI halló al peticionario incurso en ambos actos o si, por el contrario, fue por uno de ellos exclusivamente. De igual manera, el Sr. Inserni no especificó ante el TPI si la nueva prueba tendría inherencia con ambos actos y de ser con uno de ellos, no detalló por la cuál sería y de qué manera.

Advertimos, que el TPI no contó con la información suficiente para determinar la pertinencia de la nueva prueba con los actos imputados al amparo del Artículo 3.2(c) de la Ley de Ética Gubernamental. Ello, porque el peticionario presentó la nueva prueba y solicitó una vista evidenciaria para precisamente explicar y demostrar el nexo de ésta con la acusación en su contra por la cual fue hallado culpable. Tanto este Tribunal como el TPI desconocemos el proceso de evaluación llevado a cabo por la OEG, la información evaluada y qué actos

comprendidos en los informes financieros fueron avalados por dicha agencia. Así pues, desconocemos si los actos comprendidos en la acusación por la cual el Sr. Inserni fue hallado culpable formaron parte del proceso de auditoría efectuado por la OEG sobre los informes financieros del peticionario.

Al tenor de lo anterior, procede revocar la Resolución recurrida y ordenar la celebración de una vista evidenciaria con el propósito de que el Sr. Inserni demuestre cómo la nueva prueba podría cambiar el fallo en su contra. Somos conscientes de que el TPI tiene amplia discreción para ordenar o denegar una solicitud de nuevo juicio. No empece a ello, colegimos que en el caso de autos, el TPI no contó con los elementos suficientes para analizar cabalmente la solicitud de nuevo juicio y la alegada nueva prueba. Somos del criterio que el TPI debió ordenar la celebración de una vista en la cual el peticionario tuviera la oportunidad de demostrar el nexo de la nueva prueba con la acusación por el Artículo 3.2(c). Ante la incertidumbre sobre la pertinencia de la nueva prueba, debemos dejar a un lado la deferencia que merece la determinación del TPI, pues está de por medio el derecho libertario de un ser humano. Además, creemos que resulta razonable contar con el testimonio de un oficial de la OEG que explique el proceso de auditoría de los informes del Sr. Inserni y su alcance. Valga aclarar que por medio de esta Sentencia sólo estamos ordenando la celebración de una vista evidenciaria; de modo alguno estamos resolviendo en los méritos la solicitud de nuevo juicio, tarea que le corresponde al TPI atender en su día.

## IV

Por los fundamentos expuestos, se expide el auto de *certiorari* solicitado y se revoca la Resolución recurrida. Se devuelve el caso al TPI para la celebración de una vista evidenciaria a los fines de que el peticionario presente la nueva prueba aducida por éste que alegadamente amerita la celebración de un nuevo juicio.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2009 DTA 90

**1.** Apéndice del recurso, pág. 11.

**2.** Apéndice del recurso, pág. 2.

**3.** Apéndice del recurso, pág. 5.

**4.** Actualmente, el peticionario está excarcelado bajo una fianza en apelación.

**5.** Resolución Enmendada, pág. 3.

**6.** Resolución Enmendada, pág. 4.

**7.** Apéndice del recurso, págs. 15-16.

**8.** Apéndice del recurso, pág. 14.

**9.** El Reglamento sobre Radicación de Informes Financieros por Funcionarios y Empleados de la Rama Ejecutiva del Estado Libre Asociado de Puerto Rico, Reglamento Núm. 3549 de 11 de diciembre de 1987, según enmendado por el Reglamento Núm. 7378 de 28 de junio de 2007, dispone que la firma del Director sobre los informes financieros significa que luego de la correspondiente revisión y evaluación, éstos cumplen con las leyes y reglamentos aplicables.

**10.** Apéndice del recurso, pág. 1.

**11.** Apéndice del recurso, págs. 59-60.

**12.** Transcripción de Argumentación en el Estrado con Relación a Discusión de Moción Solicitando Nuevo Juicio, págs. 4-7.