EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>    Peticionario<br><br>      v.<br><br> Luis A. Rivera Crespo<br><br>      Recurrido | Certiorari<br><br>2006 TSPR 78<br><br>167 DPR ____ |

Número del Caso: CC-2005-64

Fecha: 10 de mayo de 2006

Tribunal de Circuito de Apelaciones:

                    Región Judicial de San Juan Panel IV

Juez Ponente:

                    Hon. Charles Cordero Peña

Abogado de la Parte Peticionaria:

                    Por Derecho Propio

Oficina del Procurador General:

                    Lcda. Sariely Rosado Fernández
                    Procuradora General Auxiliar

                    Lcda. Ana Garcés Camacho
                    Procuradora General Auxiliar

Materia: Asesinato en Primer Grado y Otros

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                         CC-2005-64        Certiorari

Luis A. Rivera Crespo

    Recurrido

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 10 de mayo de 2006.

El presente caso nos permite expresarnos sobre el derecho a asistencia de abogado en los procedimientos discrecionales post-sentencia. Nos corresponde determinar si un convicto indigente tiene derecho a que se le nombre un abogado de oficio con el propósito de presentar una moción de nuevo juicio al amparo de la Regla 192 de Procedimiento Criminal.

I.

Por hechos ocurridos el 13 de enero de 1990, el Ministerio Público presentó varias denuncias contra el Sr. Luis A. Rivera Crespo (en adelante, señor Rivera Crespo) por los delitos de asesinato en primer grado, robo,

escalamiento agravado y varios cargos por infracciones a la Ley de Armas.

El día del juicio, el Ministerio Público y la defensa llegaron a un acuerdo mediante el cual el señor Rivera Crespo hizo alegación de culpabilidad por los delitos imputados a cambio de que se eliminara la alegación de reincidencia habitual contenida en la acusación. El Tribunal de Primera Instancia aceptó la alegación de culpabilidad, luego de determinar que la misma se hizo libre y voluntariamente, y con conocimiento de la naturaleza del delito imputado y de las consecuencias de dicha alegación. El tribunal condenó al señor Rivera Crespo a una pena de noventa y nueve (99) años de prisión por el delito de asesinato en primer grado, más las penas correspondientes para los demás delitos, a ser cumplidas concurrentemente.

Así las cosas, en junio de 2003, más de 13 años después de dictada la sentencia, el señor Rivera Crespo presentó una moción por derecho propio ante el Tribunal de Primera Instancia. Adujo que advino en posesión de una declaración jurada emitida por un testigo de cargo en la que se alega que los agentes del orden público fabricaron el caso en su contra. Sostuvo que dicha declaración jurada lo exculpa de responsabilidad con relación a los hechos por los cuales resultó convicto. Solicitó por tanto que se le asignara un abogado de oficio con el propósito de presentar una moción de nuevo

juicio al amparo de la Regla 192 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 192. El Tribunal de Primera Instancia declaró "Nada que proveer" a la solicitud del señor Rivera Crespo.

No conforme con dicha determinación, el señor Rivera Crespo acudió por derecho propio al Tribunal de Apelaciones. Dicho foro revocó al Tribunal de Primera Instancia y dispuso que el derecho a asistencia de abogado era extensivo a todo momento del procedimiento criminal, incluyendo los remedios post sentencia. Razonó que, al existir en nuestro ordenamiento la posibilidad de que un tribunal conceda un nuevo juicio a un convicto, el derecho a solicitar dicho procedimiento adquiere una dimensión cuasi-constitucional. Resolvió que no reconocer el derecho a asistencia de abogado en este caso es contrario a la interpretación y aplicación que se le ha dado a tal derecho. En vista de lo anterior, devolvió el caso al Tribunal de Primera Instancia para que se le asignara al señor Rivera Crespo un abogado de oficio a los fines de presentar una moción de nuevo juicio.

Inconforme, el Pueblo de Puerto Rico, por conducto del Procurador General, acude ante nos mediante recurso de *Certiorari*. Aduce que erró el Tribunal de Apelaciones al concluir que el derecho a asistencia de abogado de oficio en casos criminales cobija a los convictos en los procedimientos post-sentencia. Sostiene además que ni la Constitución ni las leyes del Estado Libre Asociado de

Puerto Rico avalan la solicitud presentada por el señor Rivera Crespo.  Expedimos el auto de *Certiorari*. Con el beneficio de las comparecencias de las partes, procedemos a resolver este asunto.

II.

A.

La sección 11 de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico garantiza que "[e]n todos los procesos criminales, el acusado disfrutará del derecho […] a tener asistencia de abogado". Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1 (en adelante, "sección 11").  Además del citado precepto constitucional,  el derecho a una adecuada representación legal en los procedimientos criminales se ha consagrado como parte fundamental de la cláusula de debido proceso de ley. *Pueblo v. Ortiz Couvertier*, 132 D.P.R. 883, 887 (1993); *Pueblo v. Ríos Maldonado*, 132 D.P.R. 146, 163 (1992).

Ahora bien, a pesar de que el derecho a asistencia de abogado es de rango constitucional, éste no es absoluto ni ilimitado.  Aunque el texto de la sección 11 dispone que el derecho a asistencia de abogado existe "en todos los procesos criminales",  hemos resuelto que dicho derecho se extiende únicamente a etapas críticas del procedimiento. *Pueblo ex rel J.L.D.R.,* 114 D.P.R. 497 (1983).  *Véase además a modo ilustrativo Michigan v. Jackson*, 475 U.S. 625 (1986); *United States v. Cronic*,

466 U.S. 648 (1984).   Sobre este particular, hemos dicho anteriormente que una etapa crítica del proceso criminal es por definición una etapa en la que existe una posibilidad real de que pueda causarse un perjuicio sustancial al acusado.  *Pueblo v. Tribunal Superior*, 96 D.P.R. 397, 399 (1968).  *Véase además* Johnathat G. Neal, *"Critical Stage: Extending the Right to Counsel to the Motion for New Trial Phase*, 45 William and Mary Law Review 783, 804 (2003).

Por otro lado, el profesor Chiesa Aponte expone que el proceso criminal, a fines del derecho a asistencia de abogado, se extiende sólo a las etapas críticas del procedimiento hasta la terminación del juicio y el pronunciamiento de sentencia. E.L. Chiesa Aponte, <u>Derecho Procesal Penal de Puerto Rico y los Estados Unidos</u>, Bogotá, Editorial Forum, 1995, Vol. I, pág. 533.  Aparte del juicio, se consideran críticas para fines del derecho a asistencia de abogado las siguientes etapas: (1) durante la fase investigativa cuando ésta se torna de carácter acusatorio, (2) en el acto de lectura de acusación, (3) en la vista preliminar, y (4) al dictarse sentencia.  *Pueblo v. Ortiz Couvertier*, 132 D.P.R. 883 (1993).  *Véase además* E.L. Chiesa Aponte, <u>Derecho Procesal Penal de Puerto Rico y los Estados Unidos</u>*, op. cit.*, a la página 534.

No obstante lo anterior, luego del pronunciamiento de sentencia, el derecho a asistencia de abogado surge

por imperativo de las cláusulas de debido proceso de ley e igual protección de las leyes. Sobre este particular, cuando existe por disposición estatutaria el derecho a una primera apelación sobre una sentencia impuesta, el derecho a asistencia de abogado no puede condicionarse a requisitos económicos que lo pongan fuera del alcance de un indigente. *Pueblo v. Esquilín Díaz*, 146 D.P.R. 808, 815 (1998). Así resolvió el Tribunal Supremo de los Estados Unidos en *Douglas v. Califoria*, 372 U.S. 353 (1963). En consecuencia, en nuestra jurisdicción un convicto indigente tiene derecho a que se le nombre un abogado de oficio para la presentación de esa primera apelación.

Al adjudicar la controversia de autos tenemos presente que el Tribunal Supremo de los Estados Unidos ha resuelto que no hay derecho a asistencia de abogado bajo la Constitución de los Estados Unidos para presentar recursos discrecionales ante el Tribunal Supremo de un estado. *Ross v. Moffitt*, 417 U.S. 600 (1974). En dicho caso, un convicto indigente solicitó que se le nombrara un abogado de oficio para presentar un recurso discrecional ante la Corte Suprema del Estado de North Carolina. El más alto foro federal resolvió que, como cuestión de derecho, lo resuelto en *Douglas v. Califormia* no se extiende a la presentación de revisiones discrecionales de una convicción más allá de la primera apelación.

Razonó el Tribunal Supremo Federal que, si bien es cierto que en la etapa del juicio criminal el derecho a asistencia de abogado es fundamental bajo la sexta y decimocuarta enmienda de la Constitución de los Estados Unidos, existen unas diferencias significativas entre un juicio y las etapas apelativas de un proceso criminal. En la etapa del juicio, el Estado, por conducto del Ministerio Público, presenta evidencia al Tribunal, impugna cualquier evidencia presentada por el acusado y argumenta sus planteamientos ante el juzgador de hechos con el propósito de persuadirlos sobre la culpabilidad del acusado. *Id,* a la página 610-611. Bajo estas circunstancias, en nuestro sistema adversativo no se le puede garantizar un juicio justo e imparcial a un indigente sin proveerle una adecuada asistencia de abogado.

Por otro lado, es por lo general el acusado, y no el Estado, el que inicia un recurso apelativo. *Id.* Su propósito no es escudarse del Ministerio Público, sino revocar un veredicto de culpabilidad hecho por un jurado o tribunal de derecho. *Id.* A esos efectos expresó el más alto foro federal:

> *Conforme a nuestra jurisprudencia, el Estado no tiene el deber de duplicar todo el arsenal legal que pueda haber retenido un acusado en un esfuerzo continuo por revocar su convicción, sino meramente de asegurarle al acusado indigente una oportunidad adecuada para presentar su posición en el contexto del proceso apelativo*

> *estatal.* *Id*, a la página 616 (traducción nuestra).

Coincidimos con dichos pronunciamientos. Además, ello fortalece nuestras pasadas expresiones a los efectos de que, aunque un convicto indigente tiene un derecho constitucional a que se le nombre un abogado de oficio para la presentación de una primera apelación, el mismo derecho no se extiende a la presentación de recursos discrecionales o ataques colaterales a una convicción. *Pueblo v. Esquilín,* 146 D.P.R.808 (1998).

B.

Por otra parte, en lo pertinente a la controversia de autos, la Regla 192 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 192 establece que el tribunal puede, a solicitud de un acusado, conceder un nuevo juicio cuando, después de dictada la sentencia sobreviniere el conocimiento de nuevos hechos o de nuevos elementos de prueba que evidencien la inocencia del acusado. Según establecen las reglas, esta moción tiene que presentarse al tribunal a los treinta (30) días desde que el peticionario tuvo conocimiento del descubrimiento. El remedio que ofrece la Regla 192 es uno de naturaleza extraordinaria.

En el pasado no hemos tenido la oportunidad de resolver si bajo nuestra Constitución, el derecho a asistencia de abogado se extiende a la presentación de la moción de nuevo juicio. A esos efectos, resulta pertinente señalar que en la mayoría de los casos

resueltos sobre este tema por el foro apelativo federal, el factor determinante al evaluar si se extiende o no el derecho ha sido el momento en que se presenta la moción de nuevo juicio.

A modo de ejemplo, el Tribunal de Apelaciones de los Estados Unidos para el Séptimo Circuito distinguió entre los casos en que la moción se utiliza como un ataque colateral a la sentencia y los casos en los que el ataque no es colateral[1]. *Kitchen v. United States*, 227 F.3d 1014 (7th Cir. 2000). Al resolver que al peticionario se le violó su derecho a una adecuada representación legal, el Séptimo Circuito dispuso que "el momento en que se presentó la moción de nuevo juicio es un factor importante apoyando su derecho a asistencia de abogado". *Id*, a la página 1018. No obstante, en el citado caso, el peticionario presentó la moción solicitando un nuevo juicio antes de finalizar la etapa de la apelación, por lo que no se consideró como un ataque colateral a la sentencia sino una apelación directa para la cual se extiende el derecho a un abogado. *Véase Douglas v. California, supra.*

Por otro lado, el Tribunal de Apelaciones de los Estados Unidos para el Primer Circuito resolvió en *United States v. Tajeddini,* 945 F. 2d 458 (1st Cir. 1991), que un convicto no tiene derecho bajo la Sexta Enmienda a que

---

[1] Para efectos de la moción de nuevo juicio, se considera colateral cualquier ataque a una sentencia que ya es final y firme, sea porque se confirmó en apelación o porque se venció el término para apelar. Neal, *supra.*

se le nombre un abogado de oficio para presentar una moción de nuevo juicio basada en el descubrimiento de nueva evidencia. Razonó dicho foro que el hecho de que el acusado nunca presentó una apelación era inmaterial en el análisis del caso. *Id.* Resolvió pues que, para efectos del derecho a asistencia de abogado para la presentación de una moción de nuevo juicio, se debe tratar igual al convicto cuya convicción fue confirmada en apelación y al que nunca apeló su convicción, por la que ésta advino final y firme. *Id.* En otras palabras, el tribunal determinó que ambos casos se consideran ataques colaterales a una convicción a los cuales no se extiende el derecho a asistencia de abogado.

Como vemos, la norma prevaleciente en la jurisdicción federal es que cuando la moción de nuevo juicio se presenta como un ataque colateral a una convicción, no se considera como una etapa crítica del proceso criminal en la cual un convicto tiene derecho a que se le nombre un abogado de oficio.

Además, como mencionamos anteriormente, la moción de nuevo juicio provee un remedio de naturaleza extraordinaria, por lo que el tribunal tiene discreción para conceder un remedio al amparo de esta regla. *Pueblo v. Marcano Parrilla*, *supra*. El Tribunal de Primera Instancia no viene obligado a celebrar una vista para atender los méritos de una moción de nuevo juicio. Tampoco es una etapa por la cual todo acusado está

obligado a pasar, como lo sería la vista preliminar o la lectura de sentencia, las cuales sí hemos considerado como etapas críticas del proceso criminal.

De otra parte, el Tribunal Supremo de los Estados Unidos ha resuelto que, en efecto, los remedios post-sentencia dispuestos en las Reglas de Procedimiento Criminal no son parte del proceso criminal en sí, y se consideran procedimientos de naturaleza civil. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1990). *Véase además Fay v. Nola,* 372 U.S. 391, 423-242 (1963). Se trata de ataques colaterales que usualmente se presentan cuando un acusado no ha logrado obtener un remedio a través de una apelación directa.

En vista de lo anterior, al examinar las características particulares de la moción de nuevo juicio, es forzoso concluir que la misma no constituye una etapa crítica del proceso criminal para la cual haya que proveerle al acusado asistencia de abogado.

Con este marco doctrinal en mente, pasemos a analizar los hechos del caso que tenemos ante nos.

III.

El Tribunal de Apelaciones sostiene en su sentencia que nuestro sistema judicial garantiza el derecho a asistencia de abogado en todo momento del procedimiento criminal. No le asiste la razón. Ni en la jurisdicción federal ni en Puerto Rico existe derecho a asistencia de abogado en la etapa en que lo solicita el señor Rivera

Crespo. Bajo nuestro esquema constitucional, el derecho a asistencia de abogado se limita a las etapas críticas del procedimiento, desde el inicio de la acción penal hasta la primera apelación.

Según surge del record, el señor Rivera Crespo estuvo debidamente representado por un abogado durante el proceso criminal en su contra. Surge además que éste admitió en corte abierta haber participado de los hechos que dieron lugar a su convicción.

Según mencionamos en la sección anterior, la presentación de una moción de nuevo juicio bajo lo provisto en la Regla 192 de Procedimiento Criminal en el momento en que la presenta el señor Rivera Crespo constituye un recurso discrecional para el cual no existe derecho a asistencia de abogado, al amparo de la sección 11 del Artículo II de nuestra Constitución. Al tratarse de un recurso discrecional, no podemos equipararlo con una **etapa crucial** del proceso criminal ni con sus garantías constitucionales.

IV.

Por los fundamentos antes expuestos, revocamos la determinación del Tribunal de Apelaciones.

Se dictará Sentencia de conformidad.

Federico Fernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.                    CC-2005-64      Certiorari

Luis A. Rivera Crespo

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 10 de mayo de 2006.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la determinación del Tribunal de Apelaciones.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo