ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| EL PUEBLO DE PUERTO RICO Recurrida | KLCE202300087 | Recurso de *certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez |
|---|---|---|
| v. | | Caso Núm. ISCR200601377 |
| PEDRO ANTONIO QUILES LÓPEZ Peticionario | | Sobre: Art. 198/Robo |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Rivera Marchand y la Jueza Aldebol Mora

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece ante nos, Pedro A. Quiles López (peticionario o Quiles López), y solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Mayagüez (TPI o foro primario), el 18 de octubre de 2022, notificada el 22 de noviembre de 2022. Mediante su dictamen, el foro primario, en lo atinente, mantuvo en efecto la pena por reincidencia habitual dictada en la *Sentencia* de epígrafe.

Por los fundamentos que exponemos a continuación, procede denegar la expedición del auto de *certiorari*. Veamos.

**I.**

En mayo de 2006, Quiles López fue acusado por infracciones a los delitos de robo, tentativa de robo y robo agravado, Artículos 198 y 199 del entonces vigente Código Penal de 2004, Ley Núm. 149-2004, 33 LPRA secs. 4826 y 4827, y por infracción al delito de portación ilegal de armas, Artículo 5.04 de la hoy derogada Ley Núm. 404-2000, conocida como la Ley de Armas de Puerto Rico, 25 LPRA

Número Identificador:

RES2023_____

sec. 458c.[1] En el pliego acusatorio presentado por el Ministerio Público (recurrido), Quiles López hizo alegación de reincidencia habitual por los siguientes casos:

| Núm. de Caso | Delito | Fecha Hechos | Sentencia | Fecha Disp. Fin. |
|---|---|---|---|---|
| ISC02G0315 | Art. 404-A SC | 4 de octubre de 2001 | 3 años | 1 de mayo de 2002 |
| ISC02G0316 | Art. 404-A SC | 4 de octubre de 2001 | 3 años | 1 de mayo de 2002 |
| ISC02G0654 | Art. 404 SC | 22 de junio de 2002 | 2 años | 29 de agosto de 2002 |

Así las cosas, el 25 de agosto de 2006, el TPI dictó *Sentencia* en la cual impuso una pena global de ciento cincuenta y ocho (158) años de cárcel, de los cuales noventa y nueve (99) años fueron por reincidencia habitual.[2]

Inconforme, Quiles López radicó una *Apelación* ante esta Curia y mediante *Sentencia* emitida el 23 de abril de 2007, con designación alfanumérica KLAN200601214, un panel hermano confirmó la referida sentencia condenatoria.[3]

Tiempo después, el 28 de diciembre de 2021, el peticionario instó una *Moción Urgente Solicitada al Amparo de la Regla 192.1 de Procedimiento Criminal para Modificar la Sentencia Impuesta.*[4] En lo pertinente, arguyó que, para sustentar la alegación de reincidencia habitual, el Ministerio Público no alegó una convicción previa que fuera por la infracción de los Arts. 401, 405, 411 y 411(a) de la Ley de Sustancias Controladas de Puerto Rico, 24 LPRA secs. 2401, 2405, 2411 y 2411a, según dispone el Art. 81(c) del Código Penal de 2004, 33 LPRA sec. 4709. En específico, argumentó que el Art. 404

---

[1] Anejo III, págs. 3-4.
[2] Anejo IV, pág. 5.
[3] Cabe destacar que Quiles López acudió ante esta Curia mediante *Petición de Certiorari* impugnando la denegatoria de una moción sobre su cuestionamiento a la reincidencia habitual, entre otros asuntos, ante el foro primario para que se corrigiera su *Sentencia*, al amparo de la Regla 185 de Procedimiento Criminal, 34 LPRA Ap. II, R. 185. Evaluado el petitorio, mediante *Resolución* emitida el 5 de febrero de 2019, con designación alfanumérica KLCE201801744, un panel hermano acogió la petición al amparo de la Regla 192.1 de Procedimiento Criminal y denegó la expedición del auto solicitado.
[4] Anejo V, págs. 6-24.

de la Ley de Sustancias Controladas, *supra*, estaba excluido de ser utilizado para justificar la alegación de reincidencia habitual del Art. 81(c) del Código Penal de 2004, *supra*. Según adujo, el Art. 81(c) del Código Penal de 2004, *supra*, expresamente disponía que, para poder aplicar la reincidencia habitual, la persona tenía que resultar culpable por un nuevo delito por violación a los Arts. 401, 405, 411 o 411(a) de la Ley de Sustancias Controladas, *supra*. Asimismo, sostuvo que la Asamblea Legislativa dejó fuera de la aplicación de la reincidencia habitual cualquier comisión de delito en violación al restante de los artículos de la Ley de Sustancias Controladas, *supra*, incluyendo su Art. 404. Basado en lo anterior, planteó que la *Sentencia* con reincidencia habitual impuesta en el caso de autos fue en violación a nuestro ordenamiento jurídico.

En respuesta, el Ministerio Público se opuso.[5] Alegó que, del tracto procesal surgía que luego de ser sentenciado, Quiles López utilizó los mecanismos disponibles para apelar la *Sentencia* que le fue impuesta. Expuso que, lo propuesto por Quiles López, en particular los cuestionamientos sobre la aplicación de la reincidencia habitual aceptada por este, fueron debidamente evaluados y adjudicados, por lo que constituían cosa juzgada. Por lo anterior, sostuvo que no procedía lo solicitado.

Evaluado lo anterior, el TPI emitió la *Resolución* recurrida, mediante la cual y pertinente al recurso ante nos, mantuvo en efecto la pena por reincidencia habitual dictada en la *Sentencia* de epígrafe.[6] Expresó que, a los fines de determinar la aplicación de la reincidencia habitual, el Ministerio Público debía probar que Quiles López había cometido uno de los delitos comprendidos en el Art. 81(c) del Código Penal de 2004, *supra*. Sobre ello, particularizó que, en el caso de autos, entre los delitos por los cuales fue acusado y

---

[5] Anejo VII, págs. 26-30.
[6] Anejo VIII, págs. 31-36; Anejo IX, pág. 37.

convicto Quiles López se encontraba el robo agravado, clasificado como un delito grave de segundo grado, y, además, que este había sido convicto y sentenciado por dos (2) delitos graves por violaciones a la Ley de Sustancias Controladas, *supra*. Razonó que los Arts. 401, 405, 411 o 411(a) de la Ley de Sustancias Controladas, *supra*, eran los únicos por los cuales, de resultar convicto en un procedimiento posterior, permitirían aplicar la reincidencia habitual por la convicción de delitos graves en tiempos diversos e independientes. No obstante, concluyó que los citados artículos eran adicionales al delito grave de primer grado o un delito grave de segundo grado o cualquier delito grave en violación a la Ley de Explosivos de Puerto Rico, Ley Núm. 134 de 28 de junio de 1969, 25 LPRA sec. 561 *et seq.*, y a la Ley Contra el Crimen Organizado, Ley Núm. 33 de 13 de junio de 1978, 25 LPRA sec. 971 *et seq.* Además, añadió que Quiles López aceptó la alegación de reincidencia habitual, previo a comenzar el juicio, relevando así al Ministerio Público de presentar prueba sobre ello durante el juicio.

En desacuerdo, el 6 de diciembre de 2022, Quiles López presentó una solicitud de reconsideración.[7] Por su parte, el Ministerio Público se opuso.[8]

Tras la denegatoria del petitorio de reconsideración,[9] y en desacuerdo aún, el peticionario acudió ante esta Curia mediante recurso de *certiorari*, el 27 de enero de 2023, y le imputó al foro primario la comisión del siguiente error:

> Erró el TPI al no corregir la Sentencia en el Caso Número ISCR200601389, por infracción al Artículo 199 del Código Penal de 2004, por robo agravado, a los fines de eliminar la reincidencia habitual impuesta contra el peticionario.

En cumplimiento de nuestra *Resolución* emitida el 30 de enero de 2023, compareció la parte recurrida mediante *Escrito en*

---

[7] Anejo X, págs. 38-41.
[8] Anejo XI, págs. 42-45.
[9] Anejo I, pág. 1; Anejo II, pág. 2.

*Cumplimiento de Resolución,* por lo que, contando con la posición de las partes, procedemos a resolver.

**II.**

**A. El recurso de *certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de Puerto Rico, 32 LPRA sec. 3491; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020), citando a *Pueblo v. Díaz de León,* 176 DPR 913, 917-918 (2009). A diferencia del recurso de apelación, el tribunal superior puede expedir el auto de *certiorari* de manera discrecional. *Íd.* Sin embargo, esa discreción no es irrestricta. *Íd.* Así, el Tribunal Supremo ha expresado que los jueces, so pretexto de ejercer su discreción, no pueden olvidarse de, ni relegar a un segundo plano, los mandatos y dictados de nuestra Constitución y los de las leyes, pertinentes a la cuestión en controversia. De esa forma, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, fija unos criterios para que el tribunal revisor intermedio ejerza prudentemente su discreción al decidir si atiende en los méritos el recurso. *Íd.* La referida Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

La deferencia que se le confiere al foro primario descansa en un marco de discreción y razonabilidad. *Pueblo v. Rivera Montalvo*, supra. En ese sentido, esa discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Íd.* Los tribunales revisores podremos sustituir el criterio que utilizó el foro primario por el nuestro únicamente cuando existen circunstancias extraordinarias en las que se pruebe que el foro primario actuó con pasión, prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto o de derecho. *Íd.* Un juzgador incurre en pasión, prejuicio o parcialidad si actúa movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna. *Íd.* Por otro lado, un tribunal puede incurrir en abuso de discreción cuando el juez: (1) ignora sin fundamento algún hecho material importante que no podía pasar por alto; (2) concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o (3) a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable. *Íd.* Por último, un juzgador incurre en error manifiesto que justifica la intervención del tribunal apelativo cuando la apreciación de la prueba se distancia de la realidad fáctica o es inherentemente imposible o increíble. *Íd.*

**B. Regla 192.1 de Procedimiento Criminal**

La persona que resulta convicta puede atacar colateralmente la pena impuesta mediante el mecanismo provisto por la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1; *Pueblo v. Rosario Paredes*, 2022 TSPR 46, 209 DPR ___ (2022); *Pueblo v. Rivera Montalvo*, supra; *Pueblo v. Román Mártir*, 169 DPR 809 (2007). La Regla 192.1 dispone, en lo pertinente, lo siguiente:

> **Quiénes pueden pedirlo.** Cualquier persona que se halle detenida en virtud de una sentencia dictada por cualquier sala del Tribunal de Primera Instancia y que alegue el derecho a ser puesta en libertad porque (1) la sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos, o (2) el tribunal no tenía jurisdicción para imponer dicha sentencia, o (3) la sentencia impuesta excede de la pena prescrita por la ley, o (4) la sentencia está sujeta a ataque colateral por cualquier motivo, podrá presentar una moción a la sala del tribunal que impuso la sentencia para que anule, deje sin efecto o corrija la sentencia. (Énfasis en el original)
>
> La moción para dichos fines podrá ser presentada en cualquier momento. En la moción deberán incluirse todos los fundamentos que tenga el peticionario para solicitar el remedio provisto en esta regla. Se considerará que los fundamentos no incluidos han sido renunciados, salvo que el tribunal, con vista de una moción subsiguiente, determine que no pudieron razonablemente presentarse en la moción original.

El recurso provisto por la Regla 192.1 de Procedimiento Criminal, *supra*, está disponible solamente cuando una sentencia adolece de un defecto fundamental que inevitablemente es contrario al debido proceso de ley. *Pueblo v. Pérez Adorno*, 178 DPR 946, 966 (2010). La referida Regla es de naturaleza excepcional y le permite al convicto revisar la sentencia en cualquier momento posterior, aun si la sentencia es final y firme. Regla 192.1 de Procedimiento Criminal, *supra*; *Pueblo v. Contreras Severino*, 185 DPR 646 (2012); *Pueblo v. Román Mártir*, supra, págs. 823 y 828.

La Regla 192.1 de Procedimiento Criminal, *supra*, también requiere que se incluyan en la moción todos los fundamentos que tenga el peticionario para solicitar el remedio o, por el contrario, se

entienden renunciados. *Pueblo v. Román Mártir*, supra, pág. 823. El Tribunal Supremo de Puerto Rico expresó que la Regla mencionada se limita a planteamientos de derecho y no puede utilizarse para revisar cuestiones de hecho. *Pueblo v. Pérez Adorno*, supra, pág. 966; *Pueblo v. Román Mártir*, supra, pág. 824.

El proceso establecido en la Regla 192.1 de Procedimiento Criminal, *supra*, es de naturaleza civil y, por tanto, el peticionario tiene el peso de la prueba de demostrar que tiene derecho al remedio solicitado. *Pueblo v. Hernández Doble*, 2022 TSPR 130, resuelto el 1 de noviembre de 2022; *Pueblo v. Román Mártir*, supra, pág. 826; *Pueblo v. Rivera Crespo*, 167 DPR 812, 820-821 (2006). El Tribunal Supremo de Puerto Rico ha resuelto que una moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*, puede ser rechazada de plano si de su faz no se demuestra que el peticionario tiene derecho a algún remedio. *Pueblo v. Román Mártir*, supra, pág. 826. Es el peticionario quien debe poner en condiciones al tribunal de resolver la controversia. *Íd.* Ello se logra a través de la exposición de datos y argumentos de derecho concretos y, de cumplir con esto, se hace "imperiosa la celebración de una vista para atender sus fundados planteamientos constitucionales, o de ausencia de jurisdicción, o de ilegalidad de la pena impuesta [...]". *Íd.*, págs. 826-827. Finalmente, al evaluar este recurso debemos tomar en consideración "que el proceso de impartir justicia incluye la debida protección del *principio de finalidad de los procedimientos penales*". *Íd.*, pág. 827.

### C. La reincidencia habitual

El derogado Código Penal de 2004, 33 LPRA sec. 4629 *et seq.*,[10] establecía tres (3) tipos de reincidencia dirigidas a la persona

---

[10] Es preciso destacar que el caso de autos se rige por las disposiciones del derogado Código Penal de 2004, *supra.*

condenada en más de una ocasión: (1) reincidencia simple; (2) reincidencia agravada; y (3) reincidencia habitual.

En lo atinente a la controversia ante nos, el Art. 81(c) del Código Penal de 2004, 33 LPRA sec. 4709(c), establecía lo siguiente sobre la reincidencia habitual:

> [. . .]

> (c) Habrá reincidencia habitual cuando el que ha sido convicto y sentenciado por dos o más delitos graves, cometidos y juzgados en tiempos diversos e independientes unos de otros, **cometa posteriormente un delito grave de primer grado o un delito grave de segundo grado** o cualquier delito grave en violación a la Ley de Explosivos de Puerto Rico, Ley Núm. 134 de 28 de junio de 1969 y a la Ley Contra el Crimen Organizado, Ley Núm. 33 de 13 de junio de 1978, violación a los Artículos 401, 405, 411 y 411(a) de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971 o a los Artículos 2.14, 5.03 y 5.07 de la Ley de Armas de Puerto Rico, según enmendadas. **La pena a aplicar será de noventa y nueve (99) años**. (Énfasis nuestro).

Es decir, la reincidencia habitual se configuraba cuando una persona cometía cualquiera de los delitos esbozados en el Art. 81(c), *supra*, si anteriormente había sido convicta y sentenciada por dos o más delitos graves, cometidos y juzgados en tiempos distintos e independientes unos de otros. Por otro lado, el precitado artículo disponía que la pena aplicable para la reincidencia habitual sería de noventa y nueve (99) años.

Por otro lado, sabido es que, en un proceso criminal, la persona acusada solo puede ser juzgada por el delito que se le impute en la acusación. *Pueblo v. Montero Luciano*, 169 DPR 360, 375 (2006). A tenor con ello, la Regla 48 de Procedimiento Criminal, 34 LPRA Ap. II, R. 48, dispone que una acusación o denuncia no deberá contener alegación alguna de convicciones anteriores de la persona acusada, a menos que una alegación en tal sentido fuere necesaria para imputar la comisión de un delito, o para alegar la condición de reincidente, de subsiguiente o de delincuencia habitual en relación con la persona acusada. Dicha disposición establece,

expresamente, la obligación del Ministerio Público de alegar las convicciones anteriores de la persona acusada en la acusación o denuncia si pretende establecer la condición de reincidente y que se le imponga una pena mayor a esta de resultar convicta. *Pueblo v. Montero Luciano*, supra. Véase, además, *Pueblo v. Pagán Rojas et al.*, 187 DPR 465 (2012). Ello, forma parte de la protección constitucional de la persona acusada de estar debidamente informada de los cargos en su contra, y con la obligación del Ministerio Público de probar todos los elementos de un delito más allá de duda razonable. *Íd.*

Ahora bien, cuando la acusación imputare un delito en algún grado de reincidencia, la persona acusada podrá, al momento de hacer alegación, o en cualquier ocasión posterior siempre que fuere antes de leerse la acusación al jurado, admitir la convicción o convicciones anteriores y, en tal caso, no se hará saber al jurado en forma alguna la existencia de dicha convicción o convicciones. 34 LPRA Ap. II, R. 68.

Sobre ese particular, el Tribunal Supremo de Puerto Rico ha enfatizado que, cuando en una acusación se alegan convicciones previas de la persona acusada, esta tiene dos cursos de acción, a saber: (1) aceptar las convicciones anteriores, o (2) negarlas. *Pueblo v. Montero Luciano*, supra. Si la persona acusada acepta las convicciones previas, el Ministerio Público no puede mencionarlas durante el juicio. *Íd.* Es decir, la admisión de la convicción previa de parte de la persona acusada releva al Ministerio Público de probar la comisión de los delitos anteriores alegados en la acusación. *Íd.* Por el contrario, si la persona acusada niega las convicciones previas, el Ministerio Público está en la obligación de probar las convicciones anteriores durante el juicio, como cualquier otro elemento del delito. *Íd.*, págs. 375-376.

A su vez, nuestro más Alto Foro ha analizado la validez constitucional de estatutos que imponen penas mayores a aquellas personas que han sido convictas por delitos en más de una ocasión. *Pueblo v. Montero Luciano*, supra, pág. 378. En esas instancias, al sostener la constitucionalidad de estos estatutos, el Tribunal Supremo ha realizado un análisis de los propósitos de la Asamblea Legislativa al imponer unas penalidades mayores a los delincuentes habituales. *Íd.* A modo ilustrativo, en *Pueblo v. Reyes Morán*, 123 DPR 786 (1989), el Tribunal Supremo resolvió que la imposición de una penalidad adicional, para quien hubiese sido convicto en más de dos ocasiones, era parte de las prerrogativas constitucionales de la Asamblea Legislativa. Asimismo, concluyó que la Rama Legislativa podía legislar para imponer a los delincuentes habituales una penalidad mayor dentro de la autoridad que constitucionalmente le asistía para la imposición de castigos. *Pueblo v. Montero Luciano*, supra. A tenor con lo anterior, nuestro más Alto Foro determinó que ello no violaba la cláusula contra castigos crueles e inusitados, consagrada en el Art. II, Sec. 12, Const. ELA, LPRA, Tomo 1. *Pueblo v. Reyes Morán*, supra, pág. 797.

**III.**

El peticionario comparece ante nos y solicita la revocación del dictamen emitido por el foro primario mediante el cual, en lo pertinente, mantuvo en efecto la pena por reincidencia habitual dictada en la *Sentencia* de epígrafe. En esencia, sostiene que la segunda parte del Art. 81(c) del Código Penal de 2004, *supra*, excluye de forma definitiva el Art. 404 de la Ley de Sustancias Controladas, *supra*, como delito cometido para justificar la alegación de reincidencia habitual.[11] A su vez, señala que el citado Art. 404 regula la reincidencia, toda vez que dispone cómo habrá de

---

[11] Véase, *Certiorari Criminal*, págs. 7-8.

castigarse a una persona que haya sido convicta previamente y cometa posteriormente otra infracción al mismo artículo.[12] Sobre ese particular, el peticionario invoca la aplicación de *Pueblo v. Ramos Rivas*, 171 DPR 826 (2007), a los efectos de la aplicabilidad del principio de especialidad cuando hay un concurso aparente de leyes.[13]

Hemos examinado con detenimiento el recurso ante nos y tomando en consideración las normas antes expresadas debemos sopesar si procede nuestra intervención, según los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

De una lectura de la *Resolución* recurrida, surge que el TPI basó su determinación en lo expresamente estatuido en el Art. 81(c) del Código Penal de 2004, *supra*, sobre la aplicabilidad de la reincidencia habitual en el caso de autos. Según esbozáramos anteriormente, el Art. 81(c) del Código Penal de 2004, *supra*, dispone que la reincidencia habitual se da cuando el que ha sido convicto y sentenciado por dos o más delitos graves, cometidos y juzgados en tiempos diversos e independientes, **cometa posteriormente** un delito grave de primer grado o **un delito grave de segundo grado** o, en lo atinente, cualquier delito grave en violación a los Arts. 401, 405, 411 y 411(a) de la Ley de Sustancias Controladas, *supra*. En el caso de autos, el peticionario fue convicto y sentenciado en el año 2001 y 2002 por violaciones a los Arts. 404-A y 404 de la Ley de Sustancias Controladas, *supra*. Es decir, el peticionario fue convicto y sentenciado por dos delitos graves. Ahora bien, **posteriormente**, fue convicto y sentenciado, entre otros, por robo agravado, un delito clasificado como **grave de segundo grado**, estatuido por el Art. 199 del Código Penal de 2004, *supra*. Ante ese escenario, según resuelto

---

[12] *Íd.*, págs. 8-9.
[13] *Íd.*, pág. 9.

por el TPI, aplica la reincidencia habitual del Art. 81(c) del Código Penal de 2004, *supra*, y su pena correspondiente.

Cabe destacar que los delitos incluidos en el citado Art. 81(c) del Código Penal de 2004, *supra*, fueron separados por la conjugación "o". Esta conjunción disyuntiva fue utilizada por la Asamblea Legislativa para denotar alternativas entre los delitos allí esbozados. Por tal razón, no tiene cabida las alegaciones del peticionario en cuanto a que, posterior a sus previas convicciones, tiene que ser encontrado culpable por violaciones a los Arts. 401, 405, 411 o 411(a) de la Ley de Sustancias Controladas, *supra*. Se desprende claramente del citado Art. 81(c) del Código Penal de 2004, *supra*, que estos son en adición a los demás delitos, en el caso de autos, al delito grave de segundo grado, como lo es el robo agravado.

Asimismo, del expediente surge que, el peticionario aceptó la reincidencia habitual previo a la celebración del juicio en su contra, por lo cual, al así hacerlo, relevó al Ministerio Público de probar la convicción por los delitos previos (por infracción al Art. 404 de la Ley de Sustancias Controladas). Es decir, la aceptación de la reincidencia habitual por parte del peticionario acarreó la consecuencia de la imposición de noventa y nueve (99) años de cárcel al momento del TPI dictar las penas por los nuevos delitos. Ante ese escenario fáctico, el foro sentenciador carecía de discreción para no imponer la pena estatuida para la reincidencia habitual imputada por el Ministerio Público y aceptada por el peticionario. Por consiguiente, el foro primario no abusó de su discreción, ni medió pasión, prejuicio o parcialidad, al mantener en efecto la pena por reincidencia habitual dictada en la *Sentencia* de epígrafe.

Por otro lado, tras examinar lo resuelto en *Pueblo v. Ramos Rivas*, supra, según propuesto por el peticionario, colegimos que su precedente no es de aplicación al caso de autos. Nos explicamos. Allí, el Tribunal Supremo concluyó que, en casos donde se plantee

un conflicto entre la disposición de reincidencia del Código Penal de 1974 y la Ley de Sustancias Controladas, *supra*, procede aplicar lo dispuesto en la ley especial, conforme el principio de especialidad estatuido en el Código Penal.

No obstante, a diferencia del caso de epígrafe, en *Ramos Riva* la allí peticionaria fue acusada por una violación al Art. 401 de la Ley de Sustancias Controladas, *supra*, y se declaró culpable por violación al Art. 406 de la misma Ley. En *Ramos Riva* hubo una infracción a la Ley de Sustancias Controlada, *supra*, con posterioridad a las convicciones que tuvo la peticionaria bajo esa misma Ley. Sin embargo, en el caso de autos, el delito que se cometió posterior a las convicciones bajo la Ley de Sustancias Controladas, *supra*, fue por un delito grave general estatuido en el Código Penal de 2004, no en una ley especial. Por tanto, los hechos del caso de epígrafe se distinguen por lo que no es de aplicación el principio de especialidad aplicado a un cuadro fáctico distinto expuesto en *Pueblo v. Ramos Rivas*, supra.

Luego de evaluar el expediente ante nos y la normativa antes señalada, concluimos que no concurren los criterios que justifiquen nuestra intervención sobre la *Resolución* recurrida, la cual no se aparta del estado de derecho vigente y aplicable al asunto presentado por el peticionario.  Es preciso señalar que, nuestro más Alto Foro ha establecido que dicha disposición estatutaria, la cual implica la lamentable separación permanente de la sociedad, no es inconstitucional, por lo que los tribunales, tanto el foro primario como esta Curia, carecen de discreción para no aplicarla. *Pueblo v. Reyes Morán*, 123 DPR 786 (1986). Tampoco identificamos indicio de pasión, parcialidad o error manifiesto en la determinación emitida por el TPI. En mérito de lo anterior y al amparo de lo dispuesto en la Regla 40 del Reglamento del Tribunal de

Apelaciones, *supra*, no procede la expedición del auto de *certiorari*, según presentado.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari* presentado por Quiles López.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones