Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>*Recurrido*<br><br>v.<br><br>ALEXIS HERNÁNDEZ RIVERA<br><br>*Peticionario* | KLCE202400159 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.:<br>C LA2006G0308-310<br>(Salón 303)<br><br>Sobre:<br>Art. 5.01 (2 cargos) y Art. 5.04 |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2024.

Comparece ante nos, por derecho propio, el señor Alexis Hernández Rivera (señor Hernández Rivera o peticionario) mediante recurso de *Certiorari* presentado el 1 de febrero de 2024, en el que solicita la revocación de la *Orden* emitida el 24 de enero de 2024, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI o foro primario). Mediante el aludido dictamen, el foro primario declaró *No Ha Lugar* una moción bajo la Regla 192.1 de Procedimiento Criminal[1] presentada por el peticionario.

Por los fundamentos que exponemos a continuación, **denegamos** la expedición del auto de *certiorari.*

## I.

En su escrito, el señor Hernández Rivera expuso que se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación cumpliendo una sentencia de treinta (30) años de

---

[1] 32 LPRA Ap. II, R. 192.1.

cárcel por la comisión de varios delitos bajo la Ley de Armas de Puerto Rico. El peticionario manifestó que hizo alegación de culpabilidad por los delitos imputados en su contra[2]. Además, indicó que las penas impuestas serían cumplidas de forma consecutiva entre sí.

El 14 de enero de 2024, el peticionario suscribió, por derecho propio, una moción al amparo de la Regla 192.1 de Procedimiento Criminal[3]. En esencia, alegó que la sentencia impuesta en su contra es ilegal, arbitraria y abusiva por entender que se le está castigando dos veces por un mismo delito. Sostuvo que la determinación del foro primario interfiere con la Segunda Enmienda de la Constitución de los Estados Unidos, el Artículo II, Sección 11 de la Constitución de Puerto Rico y la jurisprudencia.

Por consiguiente, el 24 de enero de 2024, notificada al día siguiente, el TPI emitió una *Orden* en la que declaró No Ha Lugar la moción presentada por el peticionario.

Inconforme, el 1 de febrero de 2024[4], el peticionario entregó al Departamento de Corrección y Rehabilitación el recurso que nos ocupa, mediante el cual solicita la revisión de la *Orden* recurrida.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene la facultad de "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho [...]"[5]. En consideración a lo anterior, damos por perfeccionado el recurso sin la comparecencia de la parte recurrida y procedemos a resolver.

---

[2] Según surge del Sistema TRIB, en el 2006 el peticionario hizo alegación de culpabilidad en los casos C LA2006G0308 al C LA2006G0310 por los artículos 5.01 (2 cargos por fabricación, venta y distribución de armas) y 5.04 (1 cargo por portación y uso de armas de fuego sin licencia).

[3] 32 LPRA Ap. II, R. 192.1.

[4] El recurso fue recibido en la Secretaría del Tribunal de Apelaciones el 7 de febrero de 2024.

[5] 4 LPRA Ap. XXII-B, R. 7.

**II.**

**-A-**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[6]. La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial[7]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[8]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[9].

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones[10], señala los criterios que para ello debemos considerar. Éstos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[6] Véase *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).
[7] *Íd.*
[8] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia, supra*, pág. 91.
[9] *Íd.*
[10] 4 LPRA XXII-B, R. 40.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

La Regla 192.1 de las de Procedimiento Criminal[11], provee a cualquier persona que se encuentre detenida, luego de recaída una sentencia condenatoria, a presentar en cualquier momento una moción ante el Tribunal de Primera Instancia que dictó el fallo condenatorio, con el fin de anular, dejar sin efecto o corregir la determinación impugnada, ordenar la libertad del peticionario, dictar nueva sentencia o conceder nuevo juicio, según sea el caso[12]. Específicamente, el mencionado precepto legal, autoriza a cualquier persona que se halle detenida en virtud de una sentencia dictada por cualquier Sala del Tribunal de Primera Instancia a presentar una moción a tenor con su derecho a ser puesto en libertad, debido a que: (a) la sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución o las leyes de Estados Unidos; o (b) el tribunal no tenía jurisdicción para imponer dicha sentencia; o (c) la sentencia impuesta excede la pena prescrita por la ley, o (d) la sentencia está sujeta a ataque colateral por cualquier motivo[13].

Una moción al amparo de la citada regla puede ser presentada en cualquier momento y deberá incluir todos los fundamentos que tenga el peticionario para solicitar el remedio provisto. Se considerará que los fundamentos no incluidos han sido

---

[11] 34 LPRA Ap. II, R. 192.1.
[12] *Pueblo v. Torres Cruz,* 194 DPR 53 (2015); *Pueblo v. Marcano Parrilla*, 152 DPR 557, 568-571 (2000); *Correa Negrón v. Pueblo,* 104 DPR 286, 292 (1975).
[13] 34 LPRA Ap. II, R. 192.1.

renunciados, salvo que el tribunal determine que no pudieron ser razonablemente presentados. A menos que la moción y los autos del caso demuestren concluyentemente que el compareciente no tiene derecho a remedio alguno; el tribunal notificará al fiscal, le proveerá asistencia de abogado si no la tuviere, y señalará prontamente una vista. Este procedimiento únicamente está disponible cuando la sentencia adolece de un defecto fundamental que conlleva inevitablemente un fracaso de la justicia, o un resultado inconsistente con los principios básicos del debido proceso de ley. De ningún modo sustituye el procedimiento ordinario de la apelación como método para corregir los errores de derecho, los errores cometidos en el juicio, ni para alegar la inocencia del peticionario[14].

El procedimiento establecido en la Regla 192.1 de Procedimiento Criminal, *supra*, es de naturaleza civil y, por tanto, **el peticionario tiene el peso de la prueba para demostrar que tiene derecho al remedio solicitado**[15]. El Tribunal Supremo de Puerto Rico ha resuelto que una moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*, puede ser rechazada de plano si de su faz no se demuestra que el peticionario tiene derecho a algún remedio[16]. Es el peticionario quien debe poner en condiciones al tribunal de resolver la controversia[17]. Ello se logra a través de la exposición de datos y argumentos de derecho concretos y, de cumplir con esto, se hace "imperiosa la celebración de una vista para atender los planteamientos constitucionales, o de ausencia de jurisdicción, o de ilegalidad de la pena impuesta"[18].

---

[14] *Pueblo v. Román Mártir*, 169 DPR 809, 823-824 (2007).
[15] *Pueblo v. Román Mártir, supra*, pág. 826; *Pueblo v. Rivera*, 167 DPR 812, 820-821 (2006).
[16] *Pueblo v. Román Mártir, supra*, pág. 826.
[17] *Íd.*
[18] *Íd.*, págs. 826-827.

Aun cuando el lenguaje empleado en la transcrita Regla 192.1, *supra*, es amplio, los fundamentos para revisar una sentencia bajo este mecanismo se limitan a cuestiones de derecho, por lo que el precepto no puede ser empleado para levantar cuestiones de hechos que hubieren sido adjudicadas por el tribunal[19]. Se trata de un mecanismo para cuestionar la legalidad de la sentencia, no su corrección, a la luz de los hechos[20].

**III.**

El señor Hernández Rivera plantea ante nos que el TPI erró al declarar *No Ha Lugar* la moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*. Asimismo, solicita que se "ordene la desestimación de la Sentencia impuesta en el Art. 5.04 [de la Ley de Armas]"[21].

Luego de analizar la totalidad del expediente sometido, a la luz de la normativa previamente citada, concluimos que el señor Hernández Rivera no ha rebatido la presunción de corrección que posee la *Orden* recurrida. Del escrito presentado por el peticionario no surge ninguno de los fundamentos para concederle remedio alguno al amparo de la Regla 192.1 de las de Procedimiento Criminal, *supra.*

Así pues, tras evaluar los planteamientos esbozados en la petición de *certiorari* a la luz de nuestro estado de derecho, no detectamos criterio alguno de los establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, que amerite nuestra intervención con la *Orden* recurrida. Tampoco se desprende que haya mediado prejuicio o parcialidad en el dictamen recurrido, ni que éste sea contrario a Derecho. En consecuencia, procede la denegatoria de la petición ante nuestra consideración.

---

[19] *Pueblo v. Ortiz Couvertier*, 132 DPR 883, 896 (1993); *Pueblo v. Pérez Adorno*, 178 DPR 946 (2010).
[20] *Pueblo v. Marcano Parrilla*, 152 DPR 557 (2000).
[21] Véase, recurso de *certiorari*, pág. 4.

**IV.**

Por los fundamentos que anteceden, **denegamos** la expedición del auto de *certiorari.*

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones